[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this injunction action pursuant to §47a-43(a), claiming the defendant, as agent for the landlord, made forcible entry and detainer without the consent of the possessor, and thereafter removed several automobiles, assorted automotive parts, tools and tires from the premises. Family Motor Cars (FMC) seeks to enjoin the defendant from depriving it access to the property and a writ of restitution restoring its personal property.
The underlying Summary Process action was commenced by Lilyan B. Lipman (landlord) against FMC for non-payment of rent (Tolland County D.N. 58707). In that matter the parties entered into a stipulation which was then entered as a judgment on October 13, 1995, which by its terms included a final stay of execution through November 30, 1995, subject to certain use and occupancy payments. When FMC was unable to make the agreed payments, the parties entered into an informal oral agreement that if FMC would remove its vehicles and personal property from the premises by November 24, 1995, Castleman would forego obtaining an execution for FMC's failure to pay for use and occupancy.
FMC failed to vacate by November 24, 1995. Subsequent to November 30, 1995, Castleman. did obtain an execution from the Court Clerk's office as FMC was still in possession of the property although the date of the final stay had passed.
At this point Castleman departed from the statutory requirements of the Summary Process statutes.
Instead of using a sheriff or a deputy to remove the personal property as required by § 47a-42, he had a locksmith change the locks on the building and arranged for a towing service (Superior Towing) to remove the vehicles on the property as well as some miscellaneous items from the building. (FMC had operated a used car business and automotive repairs on the property.)
Castleman took the position that since FMC hd [had] not vacated the premises by the end of the stay he could assume FMC abandoned the premises and the automobiles thereon. He testified that he CT Page 14546 followed the produces concerning the removal of abandoned motor vehicles, (presumably § 14-150).
The evidence does not, however, support the claim of abandonment. The parties, on November 15, 1995 discussed FMS's inability to pay the uses and occupancy. Castleman was not entitled to assume abandonment merely because FMC had not vacated by the end of the stay period. FMC was then at least a tenant by sufferance (see Small Business Investment Co. v. Casvello, 188 CT 286, 288 (1982) and entitled to stay in possession until evicted by a sheriff pursuant to the Summary Process statutory requirements. FMC had not returned the keys to the property. The owner of FMC (Majewski) was in the area and had recent communications with Castleman. When Majewski learned that his cars were to be towed, he removed several himself the day before Superior Towing came to the site on or about December 5, 1995. He was also there when Superior Towing came to tow his cars and voiced his objection to Castleman. Castleman simply was not entitled to circumvent the Summary process requirements by terming this circumstance an abandonment.
As to the relief sought, this is a commercial establishment as opposed to a residential dwelling. FMC is no longer operating the business as a viable dealership or repair shop. At the time of the hearing, there were only three cars left on the site and the parties agreed that by a date certain (now past) that any property left on the site could be deemed abandoned. FMC has no desire to continue in business, at least on that site, and rent has not been paid for months. Under these circumstances it would be both unnecessary and inequitable to order FMC back into possession.
Castleman is, however, found to have committed an unlawful entry and detainer. Accordingly, a writ of restitution is awarded to FMC, ordering that its personal property removed by Castleman or at his direction, including automobiles, be restored by Castleman to FMC.
Klaczak, J. CT Page 14547